IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 6 2007

Civil Action No. 07-CV-00341 BNB

(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

CLOVIS CARL GREEN, JR.,

    Plaintiff,

v.

JOE ORTIZ,

    Defendant.

## ORDER AND JUDGMENT OF DISMISSAL

    Plaintiff Clovis Carl Green, Jr., is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Green has submitted to the Court *pro se* a document titled "Petition Pursuant to Court Order Seeking Leave to File a Pro Se Pleading," a Prisoner Complaint, a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, and a certified copy of his trust fund account statement.

    The Court has reviewed the documents pursuant to D.C.COLO.LCivR 8.2 and pursuant to the sanction order against Mr. Green, and has determined that the submitted documents are deficient as described in this order. Notwithstanding these deficiencies, the clerk of the Court will be directed to commence this civil action. For the reasons stated below, the action will be dismissed.

Mr. Green, a well-known "frequent filer" in federal courts, has been enjoined permanently from filing any **pro se** civil complaints in this Court without first obtaining leave of Court to proceed **pro se**. *See* Modified Appendix B in **Green v. Price**, 95-mc-00009-DBS (D. Colo. Feb. 29, 1996). In order to obtain permission to proceed **pro se**, Mr. Green must submit with any complaint he seeks to file a "Petition Pursuant to Court Order Seeking Leave to File a **Pro Se** Action" that includes the information specified in the sanction order.

Mr. Green seeks leave to proceed without prepayment of fees or security therefor pursuant to 28 U.S.C. § 1915 (Supp. 2006). In relevant part, this statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). For the purposes of this analysis, the Court may consider actions or appeals dismissed prior to the enactment of 28 U.S.C. § 1915(g). **Green v. Nottingham**, 90 F.3d 415, 420 (10th Cir. 1996).

The Court takes judicial notice of the fact that Mr. Green, on three or more prior occasions, while incarcerated, has brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See id.* at 418 ("As of 1981, Mr. Green had filed between 600 and 700 complaints in state and federal courts, many of which had

been dismissed as malicious or frivolous."). His current claims concern his incarceration at both the Sterling and the Colorado Territorial correctional facilities. The claims range from claims concerning the alleged delays in non-emergency dental treatment and prostate surgery prior to May 2005, when he alleges he exhausted DOC administrative remedies as to these claims, to claims concerning (1) his inability to possess sexually explicit magazines, (2) having to choose between hygiene items and pursuing legal actions, (3) not being allowed sufficient time in the law library, (4) being viewed in various states of undress by female prison guards, (5) having to pay a service fee by being required to use an electronic funds transfer system in order to obtain funds from his sister, and (6) not being allowed to have Office Depot ship typewriter ribbons, paper, envelopes, and correction tape directly to him, among other nonmedical claims.

Mr. Green's nonmedical claims are irrelevant to the question of whether he is under imminent danger of serious physical injury. His medical claims fail to establish that he is under imminent danger of serious physical injury. The determination as to whether a prisoner is in imminent danger of serious physical injury must be made as of the time he seeks to file the complaint, not at the time of the alleged incident which serves as the basis for the complaint. *See Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3rd Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). In Mr. Green's complaint, the incidents serving as the basis for his medical claims occurred prior to May 2005, months before he attempted to initiate the instant action. Therefore, Mr. Green fails to allege facts demonstrating that he is under imminent danger of serious physical injury. He will be denied leave to proceed pursuant to 28 U.S.C. § 1915(g).

3

In addition, the format of the complaint Mr. Green has submitted does not comply with D.C.COLO.LCivR 10.1E. because the complaint is single-spaced, not double-spaced. Accordingly, it is

ORDERED that the clerk of the Court commence this civil action. It is

FURTHER ORDERED that Mr. Green is denied leave to proceed pursuant to 28 U.S.C. § 1915(g) because: (1) he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted; and (2) he fails to establish that he is under imminent danger of serious physical injury. It is

FURTHER ORDERED that the complaint and the action are dismissed without prejudice because Plaintiff has failed to pay the filing fee and because his complaint fails to comply with D.C.COLO.LCivR 10.1E. It is

FURTHER ORDERED that judgment is entered in favor of Defendant and against Plaintiff.

DATED at Denver, Colorado, this __15__ day of __Feb.__, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07 - CV - 00341

Clovis Carl Green
Prisoner No. 69277
CTCF
PO Box 1010
Cañon City, CO 81215- 1010

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  2-16-07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk